UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL WARZEK,

       Petitioner,

       v.

FRANK X. CHAVEZ, Warden,

       Respondent.
_____/

No. C 10-2632 PJH

**ORDER TO SHOW CAUSE**

On June 15, 2010, petitioner Michael Warzek filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Although the petition itself is a form petition typically utilized by pro se prisoners, Warzek appears to be represented by counsel, Arthur Dudley. Warzek's status as a pro se or represented prisoner impacts the management of this case on an administrative level. The court intends to treat the case as one in which Warzek is represented by counsel, and all future orders and filings will be served upon Mr. Dudley. If the court is mistaken regarding the petitioner's representation, petitioner should inform the court otherwise.

   Mr. Dudley failed to provide the court with a courtesy copy of Warzek's petition, and the court's recent review of all of its prisoner cases revealed that an order to show cause has not yet been entered in this two year-old case. There have been no filings in the case since the petition was filed on June 15, 2010. Given the age of the case, the court intends to prioritize its resolution so that the case may be adjudicated as expeditiously as possible.

**BACKGROUND**

In 2007, a jury in the Santa Clara County Superior Court convicted Warzek of two counts of aggravated sexual assault upon a child under fourteen; one count of a lewd act

upon a child of fourteen or fifteen; three counts of a lewd act on a child under fourteen by force or fear; and one count of child pornography.  On February 15, 2007, the court sentenced Warzek to fifty years to life in prison.

Warzek appealed to the California Court of Appeal, which affirmed his conviction on December 17, 2008.  The California Supreme Court denied review on March 18, 2009.  Warzek filed the instant petition on June 15, 2010.

## DISCUSSION

### A. Legal Standard

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### B. Petitioner's Legal Claims

Warzek raises five claims for federal habeas relief, including that:

(1) the state court's admission of evidence that he viewed and possessed child pornography violated his due process rights;

(2) the prosecution's cross-examination of Warzek regarding his possession and viewing of child pornography violated his due process rights;

(3) the trial court's denial of Warzek's request to admit testimony from his former wife's attorney from a related civil lawsuit pertaining to Warzek's molestation of their daughter based on the attorney-client privilege violated Warzek's due process rights;

(4) his trial counsel's failure to object to the prosecution's inquiries on cross-examination regarding his use of his computer in viewing child pornography violated his due process rights; and

(5) the cumulative effect of the violation of his constitutional rights as set forth in the

2

above four claims violated his due process rights.

Liberally construed, the claims appear colorable under 28 U.S.C. § 2254 and merit an answer from respondent.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto upon respondents. The clerk shall also serve a copy of this order on petitioner.

2. Respondents shall file with the court and serve on petitioner, within 60 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on petitioner a copy of all portions of the administrative record that are relevant to a determination of the issues presented by the petition.

3. If the petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

Dated: August 20, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge